FILED

11 SEP -2 AM 11:55

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA



DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA LYNN COLEMAN, Plaintiff, vs. CLAIRE'S BOUTIQUES, INC., and DOES 1 to 10, Defendants. | CASE NO. 11-CV-1100 BEN (POR) **ORDER:** **(1) DISMISSING THE FIRST CAUSE OF ACTION** **(2) REMANDING THE REMAINDER OF THE ACTION TO THE SAN DIEGO COUNTY SUPERIOR COURT** [Docket No. 8] |

Presently before the Court is Defendant's Motion to Dismiss. (Docket No. 8.) In response, Plaintiff filed a Qualified Non-Opposition, arguing that once the sole federal claim is dismissed, the remainder of the action should be remanded. For the reasons stated below, the First Cause of Action is **DISMISSED**. The remainder of this action is **REMANDED** to the San Diego County Superior Court.

## BACKGROUND

Plaintiff is a "California resident with physical disabilities. She has had portions of her legs removed, cannot walk, and uses a wheelchair for mobility." (Notice of Removal, Exh. A, at 5 [Compl. ¶ 1].) Plaintiff has shopped at two Claire's Boutiques stores, located at 663 Parkway Plaza, Suite X5, El Cajon, California, and 1640 Camino Del Rio North, Suite #214, San Diego, California. Plaintiff alleges that Claire's is not accessible to wheelchair users. Specifically, Plaintiff alleges that (1) "the

defendants have stocked and crammed so much merchandise and display racks into the stores that there is no room for a wheelchair user to maneuver," and (2) "the sales counters are too high for wheelchair users." (*Id.*, Exh. A, at 6 [Compl. ¶ 5].)

Plaintiff originally filed suit in the San Diego County Superior Court. The Complaint asserts four causes of action: (1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53; (3) violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54–54.8; and (4) negligence. Defendant removed the action on May 19, 2011.

Presently before the Court is Defendant's Motion to Dismiss. In response, Plaintiff filed a Qualified Non-Opposition, arguing that once the ADA claim is dismissed, the remainder of the action should be remanded.

**DISCUSSION**

Defendant argues that the ADA claim is barred by claim preclusion, as it is precluded by the Settlement Agreement entered in *Access Now, Inc. v. Claire's Stores, Inc.*, Case No. 2:00-cv-14017-CIV-MOORE (S.D. Fla. May 7, 2002).[1] In addition, Defendant argues that once the ADA claim is dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, and dismiss the action. In response, Plaintiff acknowledges that the ADA claim is barred by claim preclusion. (Pl. Qualified Non-Opp. at 1 ("acknowledg[ing] that the ADA claim is moot"). Plaintiff argues, however, that because the Settlement Agreement does not address the California claims, the Court should not dismiss the entire action, but rather remand the remaining state law claims.

"[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v.*

[1] In support of its Motion, Defendant requests that the Court take judicial notice of certain court documents filed in *Access Now, Inc. v. Claire's Stores, Inc.*, Case No. 2:00-cv-14017-CIV-MOORE (S.D. Fla. May 7, 2002): (1) the Order Approving Settlement Agreement, filed May 7, 2002; (2) the Class Action Settlement Agreement, filed on November 2, 2001; and (3) the Amended Complaint, filed on January 22, 2001. The Court **GRANTS** this request for judicial notice, but only for purposes of noticing the existence of the state court lawsuit and the claims made therein. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").

*Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks omitted). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The ADA claim is **DISMISSED**, as the parties agree that the claim is barred by claim preclusion. Accordingly, the Court has dismissed all claims over which it has original jurisdiction. In addition, the principles of economy, convenience, fairness, and comity weigh toward declining to exercise supplemental jurisdiction over the remaining claims, as this action is in its infancy. Moreover, as Defendant acknowledges, "there are novel and complex issues of state law involved in this case. . . . Ultimately, this is a matter of state law, which is better left to the California courts." (Def. Mot. at 12.) All of these considerations weigh toward declining to exercise supplemental jurisdiction.

Defendant argues that the state law claims should be dismissed, rather than remanded.[2] First, Defendant argues that the state law claims are precluded by the Settlement Agreement in *Access Now, Inc. v. Claire's Stores, Inc.*, as the ADA claim is. Second, Defendant argues that "if this Court were to remand Plaintiff's state law claims, a state court would almost certainly grant the relief that Claire's requests from this Court and dismiss the state law claims." (Def. Reply at 4.) These issues, however, are better left to the discretion of the state court. They are not relevant considerations for whether the Court should exercise supplemental jurisdiction.

Third, Defendant argues that "[d]ismissal with prejudice of plaintiff's state law claims by this

---

[2] In addition, Defendant argues that the Court should not consider the factual statement in Plaintiff's Qualified Non-Opposition that Plaintiff was not disabled when the Settlement Agreement in *Access Now, Inc. v. Claire's Stores, Inc.* was entered in 2002, and had no knowledge of it. As the Court does not consider this information in its disposition of the Motion, this request is **DENIED** as moot.

Court serves principles of economy, while remand does not" because "[i]t is more efficient for this Court to address whether the Settlement Agreement precludes the state law claims, as opposed to a state court deciding this issue upon remand." (Def. Reply at 3–4.) On the contrary, the Supreme Court has found that when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The state law claims are **REMANDED** to the San Diego County Superior Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff's First Cause of Action is **DISMISSED**. The remainder of the action is **REMANDED** to the San Diego County Superior Court.

**IT IS SO ORDERED.**

DATED: September 1, 2011

HON. ROGER T. BENITEZ
United States District Court Judge